IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FILED
DEC 0 8 2003
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

Willie Marlow Sr., Willie Marlow Jr. )
and Anthony Williams. )
)
Plaintiffs, )
) No.02 C 9183
v. )
OFFICER RICHARD BARBER, STAR #17969, )
OFFICER Mark L. HEIN, STAR #19700, )
OFFICER JUAN HERNANDEZ, STAR, #6661 ) Judge Anderson
OFFICER KEITH HERRARA, OFFICER BRIAN W. )
JOSEPHS, STAR #1556, OFFICER PATRICK )
KANE, STAR # 5036, OFFICER M. KELLY, ) Magistrate Judge
OFFICER RAYMOND F.MCCANN, STAR #13127, )
OFFICER STEVEN ROWLING, STAR #5363, )
OFFICER NICHOLAS, STELLA, STAR #3607, )
OFFICER PETER TORRES, STAR #18930, )
OFFICER B. TREACY AND THE CITY OF )
CHICAGO, A MUNICIPAL CORPORATION )
Defendants )

DOCKETED
DEC 1 6 2003

## AMENDED COMPLAINT

1. The jurisdiction of this Court is invoked pursuant to the Civil Rights Act, 42 U.S.C. 1983 and 1988; 28 U.S.C. 1331 and 1343(3); and the Constitution of the United States, and supplemental jurisdiction under 28 U.S.C. Section 1367.

**PARTIES**

2. Plaintiff Willie Marlow Sr., Willie Marlow Jr., and Anthony Williams are African-American males and are citizens of the United States, and residents of Chicago,

Illinois. Willie Marlow, Sr., is the father of Willie Marlow Jr., and Anthony Williams.

3. Defendant Officer Richard Barber, Star #17969 whose surname is currently known, is a police officer employed by the City of Chicago, and was at all times relevant to the facts alleged in this complaint, acting within the scope of their employment and under color of law. Defendant officer Barber is being sued individually.

4. Defendant Officers Mark L. Hein, #19700 whose surname is currently known, is a police officer employed by the City of Chicago, and was at all times relevant to the facts alleged in this complaint, acting within the scope of their employment and under color of law. Defendant Officer Hein is being sued individually.

5. Defendant Officer Juan Hernandez, Star, #6661 whose surname is currently known, is a police officer employed by the City of Chicago, and was at all times relevant to the facts alleged in this complaint, acting within the scope of their employment and under color of law. Defendant Officer Hernandez is being sued individually.

6. Defendant Officer Herrara, whose surname is currently known, is a police officer employed by the City of Chicago, and was at all times relevant to the facts alleged in this

complaint, acting within the scope of their employment and under color of law. Defendant officer Herrara is being sued individually.

7. Defendant Officer Brian W. Josephs, Star #1556 whose surname is currently known, is a police officer employed by the City of Chicago, and was at all times relevant to the facts alleged in this complaint, acting within the scope of their employment and under color of law. Defendant officer Josephs is being sued individually.

8. Defendant Officer Patrick Kane, Star #5036 whose surname is currently known, is a police officer employed by the City of Chicago, and was at all times relevant to the facts alleged in this complaint, acting within the scope of their employment and under color of law. Defendant officer Kane is being sued individually.

9. Defendant Officer M. Kelly, whose surname is currently known, is a police officer employed by the City of Chicago, and was at all times relevant to the facts alleged in this complaint, acting within the scope of their employment and under color of law. Defendant officer Kelly is being sued individually.

10. Defendant Officer Raymond F. McCann, Star #13127 whose surname is currently known, is a police officer employed by

the City of Chicago, and was at all times relevant to the facts alleged in this complaint, acting within the scope of their employment and under color of law. Defendant Officer McCann is being sued individually.

11. Defendant Officer Steven Rowling, Star #5363 whose surname is currently known, is a police officer employed by the City of Chicago, and was at all times relevant to the facts alleged in this complaint, acting within the scope of their employment and under color of law. Defendant officer Rowling is being sued individually.

12. Defendant Officer Nicholas Stella, #3607 whose surname is currently known, is a police officer employed by the City of Chicago, and was at all times relevant to the facts alleged in this complaint, acting within the scope of their employment and under color of law. Defendant officer Stella is being sued individually.

13. Defendant Officer Peter Torres, Star #18930 whose surname is currently known, is a police officer employed by the City of Chicago, and was at all times relevant to the facts alleged in this complaint, acting within the scope of their employment and under color of law. Defendant officer Torres is being sued individually.

14. Defendant Officer B. Treacy, whose surname is currently known, is a police officer employed by the City of Chicago, and was at all times relevant to the facts alleged in this complaint, acting within the scope of their employment and under color of law. Defendant officer Treacy is being sued individually.

15. The City of Chicago, is a municipal corporation within the State of Illinois, and was at all times material to this Complaint, the employer of defendant police officers Barber, Hein, Hernandez, Herrara, Josephs, Kane, Kelly, McCann, Rowling, Stella, Torres and Treacy.

**FACTS**

16. On or about June 6, 2002 at approximately, 6:00 p.m., the Marlow family, including Willie Marlow, Sr., Willie Marlow, Jr., and Anthony Williams were returning from a high school graduation.

17. Willie Marlow, Sr., who was driving, made a left turn on 63rd and Campbell. At that moment, several defendant officers on foot ordered him to pull over. Mr. Marlow complied. Shortly thereafter, Mr. Marlow, Sr. was ordered out of his vehicle, arrested, handcuffed, and placed in a squad car.

18. Meanwhile, defendant officers ordered Mr. Williams out of the vehicle. He also complied and was then arrested and handcuffed. While Willie, Jr. sat in the back seat of the passenger side of the vehicle, defendant Officers Barber, Hein, Hernandez, Herrara, Josephs, Kane, Kelly, McCann, Rowling, Stella, Torres and Treacy began to beat him. He was later removed from the vehicle and handcuffed and defendant officers continued to beat him.

19. Defendant officers also began to beat Anthony Williams while he was outside of the vehicle and handcuffed. During the course of this event, defendant officers yelled racial epithets at Willie, Jr. and Anthony Willliams.

20. Defendant officers laughed at Willie, Jr. and Anthony Williams, as they showed them marijuana that they were planning to plant on the Marlow Sr. and Jr., and Anthony Williams.

21. Willie Marlow, Sr., witnessed the beat up of his sons at the scene, while he sat handcuffed in a squad car. He was later transported to the police station at 63rd and St. Louis.

22. Willie Marlow, Jr. and Anthony Williams were later transported to the same police station at 63rd and St. Louis. While outside the police station the two brothers were beaten again by defendant officers Barber, Hein, Hernandez, Herrara, Josephs, Kane, Kelly, McCann, Rowling, Stella, Torres and Treacy.

23. Once inside the police station, the defendant officers continued to beat Willie Marlow, Jr. and Anthony Williams. At the station, Willie Marlow, Sr. observed that both his sons had been badly beaten. At the station, Mr. Marlow was told by defendant officers that his sons were "horses."

24. While at the police station Willie Marlow Sr., Willie Jr. and Anthony Williams were all falsely charged. The case(s) were subsequently dismissed.

### COUNT I
### (42 U.S.C. SECTION 1983-Excessive Force Claim)

1-24. Plaintiff alleges and realleges paragraphs 1 through 24 as fully set forth above.

25. As a result of the unreasonable and unjustifiable attack on Willie Marlow, Jr., he suffered both physical and emotional injuries.

26. This unreasonable and unjustifiable beating of the Plaintiff Willie Marlow, Jr. by defendant officers Barber, Hein, Hernandez, Herrara, Josephs, Kane, Kelly, McCann, Rowling, Stella, Torres and Treacy was a direct and proximate cause of his pain, suffering and mental anguish. This act by the above individual Defendants violated the Plaintiff's Fourth Amendment right to be free from unreasonable seizures, in addition to a violation of 42 U.S.C. § 1983 .

**WHEREFORE**, Plaintiffs demand $50,000 in compensatory damages against Defendant Police Officers Barber, Hein, Hernandez, Herrara, Josephs, Kane, Kelly, McCann, Rowling, Stella, Torres and Treacy and because the Defendants acted maliciously, willfully and/or wantonly, $30,000 individually in punitive damages, plus cost, attorney's fees, and such other additional relief as this Court deems equitable and just.

### COUNT II
### (42 U.S.C. SECTION 1983-Excessive Force Claim)

1-24. Plaintiff alleges and realleges paragraphs 1 through 24 as fully set forth above.

25. As a result of the unreasonable and unjustifiable attack on Anthony Williams, he suffered both physical and emotional injuries.

26. This unreasonable and unjustifiable beating of the Plaintiff Anthony Williams by defendant officers Barber, Hein, Hernandez, Herrara, Josephs, Kane, Kelly, McCann, Rowling, Stella, Torres and Treacy was a direct and proximate cause of his pain, suffering and mental anguish. This act by the above individual Defendants violated the Plaintiff's Fourth Amendment right to be free from unreasonable seizures, in addition to a violation of 42 U.S.C. § 1983.

**WHEREFORE**, Plaintiffs demand $50,000 in compensatory damages against Defendant Police Officers Barber, Hein, Hernandez, Herrara, Josephs, Kane, Kelly, McCann, Rowling, Stella, Torres and Treacy because the Defendants acted maliciously, willfully and/or wantonly, $30,000 individually in punitive damages, plus cost, attorney's fees, and such other additional relief as this Court deems equitable and just.

### COUNT III
### (42 U.S.C. SECTION 1983- FALSE ARREST)

1-24. Plaintiff Willie Marlow, Sr. alleges and realleges paragraphs 1 through 24 as full set forth herein.

25. The above acts of the Defendant officers Hein, and Stella, were willfully and wantonly done without probable cause and was a direct and proximate cause of Willie Marlow Sr. pain, suffering and mental anguish, and

therefore violated the Plaintiff's Forth Amendment right to be free from unreasonable arrest, search and seizure.

**WHEREFORE**, Plaintiff Willie Marlow Sr. seeks $25,000 in actual or compensatory damages against Defendant officers Hein, and Stella individually and because they acted maliciously, willfully and/or wantonly, $15,000 in punitive damages against Officers Hein, Kane, Kelly, and Stella individually.

## COUNT IV
### (42 U.S.C. SECTION 1983- FALSE ARREST)

1-24. Plaintiff Willie Marlow, Jr. alleges and realleges paragraphs 1 through 24 as full set forth herein.

25. The above acts of the Defendant officers Hein, and Stella were willfully and wantonly done without probable cause and was a direct and proximate cause of Willie Marlow Jr. pain, suffering and mental anguish, and therefore violated the Plaintiff's Forth Amendment right to be free from unreasonable arrest, search and seizure.

**WHEREFORE**, Plaintiff Willie Marlow, Jr. seeks $25,000 in actual or compensatory damages against Defendant officers Hein, and Stella, individually and because they acted maliciously, willfully and/or wantonly, $15,000 in punitive damages against Officers Hein, and Stella, individually.

## COUNT V
## (42 U.S.C. SECTION 1983- FALSE ARREST)

1-24. Plaintiff Anthony Willaims alleges and realleges paragraphs 1 through 24 as full set forth herein.

25. The above acts of the Defendant officers Hein, and Stella were willfully and wantonly done without probable cause and was a direct and proximate cause of Anthony Williams pain, suffering and mental anguish, and therefore violated the Plaintiff's Fourth Amendment right to be free from unreasonable arrest, search and seizure.

**WHEREFORE**, Plaintiff Anthony Williams seeks $25,000 in actual or compensatory damages against Defendant officers Hein and Stella individually and because they acted maliciously, willfully and/or wantonly, $15,000 in punitive damages against Officers Hein and Stella individually.

## COUNT VI
## (Supplemental State Claim for Assault and Battery)

1-24. Plaintiff William Marlow, Jr. alleges and realleges paragraphs 1 through 24 as though fully set forth herein.

25. The acts of the Defendant officers Hein and Stella described above, were done maliciously, willfully and wantonly and with such reckless disregard for their natural consequences as to constitute assault and battery

under the laws and Constitution of the State of Illinois, and did directly and proximately cause the injuries, pain and suffering of the Plaintiff as alleged above.

**WHEREFORE,** Plaintiff demands judgment against each Defendant officers Hein and Stella individually an the amount in excess of $30,000 in compensatory damages and because the Defendants acted maliciously, willfully and/or wantonly, $15,000 in punitive or exemplary damages, plus costs for the battery against him.

### COUNT VII
**(Supplemental State Claim for Assault and Battery)**

1-24. Plaintiff Anthony Williams alleges and realleges paragraphs 1 through 24 as though fully set forth herein.

25. The acts of the Defendant officers Hein and Stella described above, were done maliciously, willfully and wantonly and with such reckless disregard for their natural consequences as to constitute assault and battery under the laws and Constitution of the State of Illinois, and did directly and proximately cause the injuries, pain and suffering of the Plaintiff as alleged above.

**WHEREFORE,** Plaintiff demands judgment against each Defendant officers Hein and Stella individually an the amount in excess of $30,000 in compensatory damages and because the Defendants acted maliciously, willfully and/or

wantonly, $15,000 in punitive or exemplary damages, plus costs for the battery against him.

## COUNT VIII
### (Malicious Prosecution under Illinois Law)

1-24. Plaintiff Willie Marlow, Sr. alleges and realleges paragraphs 1 through 24 as though fully set forth herein.

25. The above prosecution was initiated by the defendants to cover up the unjustifiable beating of Plaintiffs Willie Marlow, Jr., and Anthony Williams.

26. The defendants signed complaints against Plaintiff which began the prosecution of him. Defendants further gave false statements against Plaintiff to the prosecution.

27. The unjustifiable prosecution was resolved in the Plaintiff's behalf and, therefore, said prosecution was in violation of the Illinois law.

28. The unjustifiable prosecution of the Plaintiff was done willfully and wantonly and was the direct and proximate cause of the physical and mental injuries suffered by the Plaintiff.

**WHEREFORE**, Plaintiff Willie Marlow, Sr. seeks $25,000 in actual or compensatory damages against each Defendant officers Hein and Stella individually and because they

acted maliciously, willfully and/or wantonly, Plaintiff demands $15,000 in punitive damages against each defendant officer.

## COUNT IX
### (Malicious Prosecution under Illinois Law)

1-24. Plaintiff Willie Marlow, Jr. alleges and realleges paragraphs 1 through 24 as though fully set forth herein.

25. The above prosecution was initiated by the defendants to cover up the unjustifiable beating of the Plaintiff.

26. The defendants signed complaints against Plaintiff which began the prosecution of him. Defendants further gave false statements against Plaintiff to the prosecution

27. The unjustifiable prosecution was resolved in the Plaintiff's behalf and, therefore, said prosecution was in violation of the Illinois law.

28. The unjustifiable prosecution of the Plaintiff was done willfully and wantonly and was the direct and proximate cause of the physical and mental injuries suffered by the Plaintiff.

**WHEREFORE**, Plaintiff Willie Marlow, Jr. seeks $25,000 in actual or compensatory damages against each Defendant officers Hein and Stella individually and because they acted maliciously, willfully and/or wantonly, Plaintiff demands $15,000 in punitive damages against each defendant officer.

### COUNT X
### (Malicious Prosecution under Illinois Law)

1-24. Plaintiff Anthony Williams alleges and realleges paragraphs 1 through 24 as though fully set forth herein.

25. The above prosecution was initiated by the defendants to cover up the unjustifiable beating of the Plaintiff.

26. The defendants signed complaints against Plaintiff which began the prosecution of him. Defendants further gave false statements against Plaintiff to the prosecution

27. The unjustifiable prosecution was resolved in the Plaintiff's behalf and, therefore, said prosecution was in violation of the Illinois law.

28. The unjustifiable prosecution of the Plaintiff was done willfully and wantonly and was the direct and

proximate cause of the physical and mental injuries suffered by the Plaintiff.

**WHEREFORE**, Plaintiff Anthony Williams seeks $25,000 in actual or compensatory damages against each Defendant officers Hein and Stella individually and because they acted maliciously, willfully and/or wantonly, Plaintiff demands $15,000 in punitive damages against each defendant officer.

## COUNT XI
### (Supplemental State Law Claim for Intentional Infliction of Emotional Distress)

1-24. Plaintiff William Marlow, Sr., alleges and realleges paragraphs 1 through 24 as though fully set forth herein.

25. Defendants Officers Hein and Stella intentionally engaged in extreme and outrageous behavior against Willie Marlow, Sr., including, but not limited to, unjustifiably beating and detaining his sons Willie Marlow Jr. and Anthony Williams in front of him, causing him mental injuries.

26. Defendants Officers Hein and Stella are liable for the intentional infliction of emotional distress because it was proximately caused by their actions as set forth above.

26. The defendants' outrageous behavior caused Willie Marlow Sr. to suffer mental and emotional distress including fear, anger, humiliation and the injuries set forth above.

**WHEREFORE**, plaintiff demands compensatory damages not in excess of $50,000, jointly and severally from the defendant officers Hein and Stella plus costs and additional relief this Court deems equitable and just.

## COUNT XII

**(Respondeat Superior under Illinois Law/ City of Chicago)**

1-24. Plaintiff Willie Marlow Sr. alleges and realleges paragraphs 1 through 24 as though fully set forth herein.

25. The aforesaid acts of Defendant officers Barber, Hein, Hernandez, Herrara, Josephs, Kane, Kelly, McCann, Rowling, Stella, Torres and Treacy and Stella in beating Willie Marlow Jr., and Anthony Williams and falsely arresting and criminally charging Willie Marlow Sr., Willie Marlow Jr., and Anthony Williams were done within the scope of their employment as Chicago police officers, were willful and wanton, and therefore the defendant City of Chicago, as principal, is liable for the actions of its agents under the doctrine of respondent superior.

**WHEREFORE**, Plaintiff Willie Marlow Sr., Willie Marlow, Jr., and Anthony Williams demand judgment against defendant

City of Chicago plus costs, and such other additional relief as this Court deems equitable and just.

**PLAINTIFF DEMANDS TRIAL BY JURY ON ALL COUNTS.**

Respectfully Submitted,

*/s/ Standish Willis*
Standish E. Willis
Attorney for Plaintiff

Dated: 12/08/03

The Law Office of Standish E. Willis
407 South Dearborn
Suite 1395
Chicago, Illinois 60605
(312) 554-0005